## First Department, July, 1974

## (July 2, 1974)

■ PARKCHESTER TENANTS' ASSOCIATION, INC., et al., Respondents, v. LEONARD E. YOSWEIN, as Commissioner of the Department of Rent and Housing Maintenance, et al., Respondents, and PARKCHESTER MANAGEMENT CORP., Intervenor-Appellant. LENA RICHARDSON et al., Respondents, v. LEONARD E. YOSWEIN, as Commissioner of the Department of Rent and Housing Maintenance, et al., Respondents.— Order, Supreme Court, New York County, entered on May 22, 1974, granting the plaintiff's motion for a preliminary injunction and denying the intervenor-defendant-appellant's motion to dismiss the complaint, unanimously affirmed, without costs and without disbursements. The record presents an adequate basis for the granting of a temporary injunction predicated upon a sufficient complaint which seeks declaratory relief. Concur — McGivern, P. J., Markewich, Nunez, Lupiano and Lane, JJ.

■ PARKCHESTER TENANTS' ASSOCIATION, INC., et al., Respondents, v. LEONARD E. YOSWEIN, as Commissioner of the Department of Rent and Housing Maintenance, et al., Respondents, and PARKCHESTER MANAGEMENT CORP., Intervenor-Appellant. LENA RICHARDSON et al., Respondents, v. LEONARD E. YOSWEIN, as Commissioner of the Department of Rent and Housing Maintenance, et al., Respondents.— Motion to extend stay previously granted by this court unanimously denied. The application to have this appellate court consider the validity of a statute passed during the pendency of this appeal must be denied since the court has no jurisdiction. Concur — McGivern, P. J., Markewich, Nunez, Lupiano and Lane, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD D. FRIEDMAN on Behalf of EDUARDO CLEMENTE, Appellant, v. THEODORE SCHUBIN, as Superintendent of the Ossining Correctional Facility, Respondent.— Judgment, Supreme Court, Bronx County, entered on June 5, 1974, granting a writ of habeas corpus to the extent of reducing bail to $250,000, unanimously modified, on the law and in the exercise of discretion, to further reduce the amount of bail to $100,000 and as so modified, the judgment is affirmed, without costs and without disbursements. Considering the entire record and circumstances, including the nature of the charges as well as petitioner's background, we find that the amount set for bail was excessive to the extent indicated. Concur — Kupferman, J. P., Murphy, Steuer and Tilzer, JJ.